```
                          United States Bankruptcy Court
                          Middle District of Pennsylvania
```

In re:                                                          Case No. 16-03340-RNO
Steven T Hartsock                                               Chapter 7
Tiffany L Hartsock
        Debtors                    **CERTIFICATE OF NOTICE**

District/off: 0314-1           User: admin              Page 1 of 1              Date Rcvd: Nov 17, 2016
                               Form ID: 318             Total Noticed: 18

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 19, 2016.
db/jdb         +Steven T Hartsock,    Tiffany L Hartsock,    5623 Ferguson Valley Road,
                 Mc Veytown, PA 17051-7516
4821868        +Best Egg,   1523 Concord Pike,    Suite 302,    Wilmington, DE 19803-3654
4821871         Chase,   PO Box 1423,    Charlotte, NC 28201-1423
4821870         Chase,   PO Box 78101,    Phoenix, AZ 85062-8101
4821872         Citizens Bank,    Consumer Loan Servcing ROP18P,    PO Box 42002,    Providence, RI 02940-2002
4821873        +Cub Cadet,   PO Box 33802,    Detroit, MI 48232-5802
4821874        +First National,    PO Box 3412,    Omaha, NE 68103-0412
4821875         Geisinger Health System,    PO Box 27727,    Newark, NJ 07101-7727
4821876         Geisinger Lewistown Hospital,    PO Box 983140,    Boston, MA 02298-3140
4821878        +Penn Credit,    916 S 14th St,    Harrisburg, PA 17104-3425
4821880         Sears,   PO Box 9001055,    Louisville, KY 40290-1055
4821881         Sears Credit Cards,    PO Box 9001055,    Louisville, KY 40290-1055
4821882         System & Services Technologies Inc,    PO Box 3999,    Saint Joseph, MO 64503-0999

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
4821867         EDI: BANKAMER.COM Nov 17 2016 18:58:00      Bank of America,    PO Box 15019,
                 Wilmington, DE 19886-5019
4821869         EDI: WFNNB.COM Nov 17 2016 18:58:00      Bon Ton,    PO Box 659813,   San Antonio, TX 78265-9113
4821877         EDI: AGFINANCE.COM Nov 17 2016 18:58:00      OneMain,    PO Box 9001122,
                 Louisville, KY 40290-1122
4821879        +E-mail/Text: bankruptcyteam@quickenloans.com Nov 17 2016 19:01:30      Quicken Loans,
                 1050 Woodward Avenue,    Detroit, MI 48226-1906
4821883         EDI: RMSC.COM Nov 17 2016 18:58:00      Walmart,    Bankruptcy Department,    PO Box 965080,
                 Orlando, FL 32896-5060
                                                                                             TOTAL: 5

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                        TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 19, 2016                                      Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 17, 2016 at the address(es) listed below:
              James H Turner    on behalf of Joint Debtor Tiffany L Hartsock pat@turnerandoconnell.com
              James H Turner    on behalf of Debtor Steven T Hartsock pat@turnerandoconnell.com
              John P Neblett (Trustee)    jpn@neblettlaw.com, pa06@ecfcbis.com
              Joshua I Goldman    on behalf of Creditor    Quicken Loans Inc. bkgroup@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                             TOTAL: 5

| **Information to identify the case:** | | | |
|---|---|---|---|
| Debtor 1 | **Steven T Hartsock** | Social Security number or ITIN | xxx–xx–7024 |
| | First Name  Middle Name  Last Name | EIN | __–_____ |
| Debtor 2 (Spouse, if filing) | **Tiffany L Hartsock** | Social Security number or ITIN | xxx–xx–4747 |
| | First Name  Middle Name  Last Name | EIN | __–_____ |
| United States Bankruptcy Court | **Middle District of Pennsylvania** | | |
| Case number: | **1:16–bk–03340–RNO** | | |

# Order of Discharge 12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Steven T Hartsock                Tiffany L Hartsock
                                 aka Tiffany L Doyle

**By the court:**

November 17, 2016

Honorable Robert N. Opel
United States Bankruptcy Judge

By: AutoDocketer, Deputy Clerk

---

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

Official Form 318          **Order of Discharge**          page 1

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**